BEFORE THE FIRST DIVISION, AUGUST 18, 1948

**No. 52503.**—Roche-Organon, Inc. *v.* United States, protests 131329–K, etc. (New York).

Opinion by COLE, J.  It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).  The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52504.**—Lennart Clase *v.* United States, protest 133351–K (New York).

Opinion by COLE, J.  At the trial counsel for the defendant moved for dismissal of the protest on the ground that "it is insufficient in law," calling attention to section 514, Tariff Act of 1930 (19 U. S. C. § 1514), which requires that a protest shall set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."  That plaintiff recognized the insufficiency of his protest was disclosed by counsel's admission at the time of trial and his motion, which was granted, to file an amended protest.  Such an amended protest was never offered.  An examination of the record disclosing nothing from which to draw the classifications urged or the rates claimed, the motion to dismiss was granted.  (*Davies* v. *Arthur*, 96 U. S. 148; *United States* v. *Salambier*, 170 U. S. 621; and *Herrmann* v. *Robertson*, 152 U. S. 520, followed.)

BEFORE THE THIRD DIVISION, AUGUST 18, 1948

**No. 52505.**—Fergus Motors *v.* United States, protest 68209–K (New York).

Opinion by EKWALL, J.  In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See *John Barr* v. *United States*, 324 U. S. 83.)  In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 817814.  The protest was sustained to this extent.

**No. 52506.**—James E. Markham, Alien Property Custodian *v.* United States, protests 894335–G, etc. (Los Angeles and San Francisco).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52507.**—James E. Markham, Alien Property Custodian *v.* United States, protests 94614–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, AUGUST 20, 1948

**No. 52508.**—James E. Markham, Alien Property Custodian *v.* United States, protests 3902–K and 30783–K (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52509.**—James E. Markham, Alien Property Custodian *v.* United States, protests 942495–G, etc. (New York).

Opinion by COLE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, AUGUST 20, 1948

**No. 52510.**—V. S. Andrew *v.* United States, protest 64033–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 812303. The protest was sustained to this extent.

**No. 52511.**—Premier Peat Moss Corp. *v.* United States, protests 862318–G, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of peat moss of the same character as that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319), the claim for free entry under paragraph 1685 was sustained.